The next case, United States v. Kopp. Mr. Henderson. Good morning. May it please the Court. My name is Peter Henderson. I represent Rachel Kopp in this case. Federal law precludes a sentencing judge from lengthening a term of imprisonment to promote rehabilitation. In this case, the sentencing judge considered the 3553A factors, listened to the party's arguments about sentence, engaged in a dialogue with the defendant, and announced that its sentence, based on all those considerations, was 18 months. It then turned to the probation officer and said, well, I want to make sure. Is 18 months going to be enough so that she gets this drug abuse program? The probation officer said, well, it's probably about the minimum you'd have to impose, Judge. And the court then said, well, I'm going to make it 20 months then. Ms. Kopp immediately objected, said, wait, the program doesn't take that long. I don't want that extra time. And the court said, well, no, you do have to get into it. You have to find a spot for it. And I think it's very important for you. And so the sentence is going to be 20 months. That is plainly a violation of Section 3582A. I think it's an error on plenary review. It's a plain error. It resulted in an extra two months of imprisonment. The only argument that would preclude this court from reaching the merits is the government's waiver argument or invited error argument. But Ms. Kopp did not invite this error. She protested it. She didn't do so in the language of 3582A or TAPIA. As I understand the record, her references to treatment were a plea for leniency, not more time in prison. Exactly. I think the record's clear that she wanted the least time in prison possible. So invited error is a nonstarter. I think that's right. And the Sixth Circuit case that we cited, I think, makes that same point. And this transcript reflects an explicit linkage between the court's change of mind about the initial 18-month sentence and upping the ante to 20 months because of rehabilitative programming. There's really no question about it. This is about as clear an error under 3582A as you could hope for in the record. We've got other cases that are close questions, but this one seems to be a fairly obvious facial link between the two. Right. I agree with that. I don't think there's really much more to this case. It's on its face. The kicker, of course, is Ms. Kopp is now ineligible for the program because of her escape conviction. So the judge's efforts are for naught. But that's why federal courts cannot lengthen sentences for these purposes. So unless the court has other questions, I'll reserve the remainder of my time. Thank you. Ms. Schlipper. May it please the court. My name is Diane Schlipper, and I represent the United States. Every person in Rachel Kopp's sentencing hearing, including the judge, including Rachel Kopp, and defense counsel, were concerned with Ms. Kopp's criminal history and her addiction and how her addiction drove her criminal behavior, putting the community at risk, and the judge sentenced her accordingly. As the district judge acknowledged at sentencing, Ms. Kopp was 30 years old with a criminal history category of six. Her first federal conviction was at age 24. During the hearing, the judge never lost sight of Ms. Kopp's criminal behavior, which was, again, driven by her addiction. Even this escape crime. This appeal is not about whether the sentence is independently justifiable. It's a Tapia error case. So perhaps you can go right to that. Certainly, Your Honor. This court in Cabesco, 660 F. 3rd, 260, explained that there is nothing in the statute or in the language or reasoning in Tapia that suggests that there is any impropriety in lengthening a sentence because of concern, even based on addiction, that the defendant is likely to commit further crimes upon release, so that a longer sentence is required for protection of the public. Further, this court, in the same case, gave two hypotheticals which are on point. The first, which would violate the statute, Section 3582A, would occur when a judge, during sentencing, tells the defendant that the judge is not worried that the defendant would commit more crimes if the judge gives the defendant a shorter sentence, but then goes on to give a longer sentence to enable the defendant to obtain psychiatric assistance that will bring about complete rehabilitation. That is not what happened here below. What happened during Ms. Kopp's sentencing was almost identical to the second hypothetical put forth by this court in Cabesco, which does not violate Section 3582A. In that situation, the judge tells the defendant that the court is going to sentence the defendant to long enough to enable the defendant to obtain psychiatric assistance, because until then, the defendant will continue to be a danger to the public because the defendant can't control, in the hypothetical, their violent impulses. Incapacitation is an authorized factor for a judge to consider in determining the length of a prison sentence. Here, in the court below, as in this hypothetical, the judge made clear that Ms. Kopp was likely to commit further crimes unless and until her addiction issues were fully under control, and therefore, a long enough term of imprisonment was needed to protect the community. Every time the district judge talked about Ms. Kopp's criminal behavior, he described it as stemming from her criminal addiction. He identified addiction as one of the fundamental drivers of her criminal activity. She has a severe drug addiction, he said. Counsel, the problem with this argument is that the judge didn't say, I'm picking 20 months for incapacitation. The judge said, I'm picking 20 months to promote rehabilitation. I picked 18 months initially. I now conclude that an extra two months will help promote rehabilitation. And that does seem to be exactly in the teeth of the statute, which says that no sentence can ever be increased on the ground of rehabilitation. The judge has announced that he's increased the sentence on the ground of rehabilitation. Your Honor, we respectfully take a different position in suggesting that the judge was choosing the 20-month sentence to promote public safety, which could only be done if she were to receive the proper rehabilitation. That sounds like you're just disagreeing with the statute. Whenever the judge says, I'm doing X to promote rehabilitation, your office is going to say, aha, that also promotes incapacitation. On that understanding, the statute is a nullity and Tapia was wrongly decided. This is not something we're likely to say. I take your point, Your Honor. But in Tapia and a lot of the other decisions that came out of this court, there's also a big difference in the fact that the defendant and the defense counselor herself were asking for this. The defense counsel was the first person to actually initiate with the judge the discussion about treatment. In response to the district court saying that Copp's criminal history wasn't abating, counsel said treatment doesn't always take, suggesting that a lack of treatment in this case was linked to her continued criminal behavior. My problem with your argument is the transcript. When the court decides to impose the 18 months, he says, I want to make sure that an 18-month sentence does give Ms. Copp the time to participate in the program. So who speaks next? The agent speaks. That's correct, Your Honor. And the agent says, I think that's probably the lowest end she could. And it's because of what the agent says that the judge, and the agent is speaking to rehabilitation, not the punishment or public safety. Certainly. The agent is answering how long is possible for RDAP. He's offering it. So then the judge goes to 20 months. So isn't the judge responding to the suggestion about time for rehabilitation, not the public safety aspect? I suppose that was built into the 18 months. Well, I believe the judge was responding, of course, to the agent in that matter, but also the entire strategy of the defense in this case was to ask for rehabilitation, to make sure that the court knows that Ms. Copp has completed, you know. Yeah, no, I don't disagree with that. The transcript's pretty clear about that. But then the judge arrived at what he thought encompassed all those interests. And then an agent offers the suggestion that rehabilitation might need a little longer. And then, so it's hard to get away from, for me anyway, the suggestion that the two months was in response to the agent's concern that rehabilitation needed additional time. And as I've already stated, which may not be garnering much support in this courtroom, but the government's position is that the court then found that the 20 months was necessary to promote public safety based on everybody's plea and his own understanding of RDAP being necessary, her treatment being necessary in order to reduce her criminal behavior. And so that's where we stand on that. But additionally, the court very quickly, after engaging in the discussion with the agent and Ms. Copp, who the government's position is, she did not object to RDAP or treatment. She objected to the period of time. It was as though their strategy wasn't working. Both she and the defense counsel were asking for a year so that she can complete RDAP. That's a tapia objection when you object to the amount of time and the rationale for its being imposed? That's a plain tapia objection made by the defendant herself, who doesn't know the case, presumably. So she's not citing the case, but it's a tapia objection in function. Certainly, Your Honor. Well, in lieu of then the waiver error, or in lieu of the invited error, Your Honor, the government's position is that it was the strategy by Ms. Copp and her defense counsel. The entire argument that they put forth between the judge was to say, look, we're motivated by treatment. She wants treatment this time. She herself linked her behaviors and her criminal behaviors with an inability to stay clean. And so we would put forth that that was her strategy. And even, again, that was their only argument. But alternatively, under any standard of review, the government on this record believes that a remand for sentencing is unwarranted. Any claimed error did not affect Copp's ultimate sentence. The judge said towards the end of his statements that given all of these circumstances, he could be persuaded that a longer sentence would be appropriate. So the sentence would have been the same, regardless of the RDAP discussion, based on the punitive component, specific deterrence, promoting respect for the law, and protecting the community. If there are no further questions, we would ask that this court affirm the sentence below. Thank you. Mr. Anderson? I have nothing further. Thank you. Thank you. Thanks to both counsel. The case is taken under advisement, and the court will stand in recess. Thank you.